DAHLMAN v. WHITE CO.

(Supreme Court, Appellate Term. January 5, 1912.)

PRINCIPAL AND AGENT (§ 81*)—EMPLOYMENT—CONTRACTS—CONSTRUCTION.

　　One employed as an automobile salesman for a commission by the manager of a department for the sale of commercial automobiles, without authority to make contracts covering the department for the sale of automobiles for pleasure use, is not entitled to commissions for a sale of an automobile for pleasure use.

　　[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 194–214; Dec. Dig. § 81.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Abraham L. Dahlman against the White Company. From a judgment of the Municipal Court for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Newell Lyon, for appellant.
Randolph M. Newman, for respondent.

SEABURY, J. This action was brought to recover commissions alleged to have been earned under a contract of employment. The plaintiff is an automobile salesman. The defendant maintains a store for the sale of automobiles for commercial and pleasure use. The two departments are separate and distinct. The manager of the department organized for the sale of commercial automobiles employed the plaintiff. The plaintiff adduced evidence to prove that the contract of employment embraced the sale of all automobiles. The defendant adduced evidence to prove that the contract of employment was limited to the sale of commercial automobiles. Thereafter the plaintiff introduced a prospective customer, who purchased a pleasure automobile, and this action is brought to recover for the commissions alleged to have been earned by reason of such sale.

Assuming that the plaintiff's employment embraced the sale of automobiles used for both pleasure and business, the record is barren of evidence to show that the head of the department organized to sell automobiles for commercial purposes had authority, express or implied, to make a contract covering any department other than the one he had control of. The defendant affirmatively proved that no such authority existed. In the absence of evidence to show that plaintiff was employed to effect the sale of automobiles used for pleasure, it is clear that judgment should have been rendered for the defendant.

Judgment reversed, and complaint dismissed, with costs. All concur.